# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1633V

| | |
|---|---|
| RHONDA MEADE, | |
| Petitioner, | Special Master Katherine E. Oler |
| v. | Filed: May 1, 2019 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barré syndrome (GBS) |
| Respondent. | |

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.

*Jennifer L. Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 30, 2017, Rhonda Meade ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination she received on November 5, 2014.[3] Am. Pet., ECF No. 11.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] This case was initially assigned to Special Master Millman (ECF No. 4) and reassigned to my docket on January 10, 2018 (ECF No. 9).

On February 28, 2019, Respondent filed a Rule 4(c) Report ("Resp't's Rep.") in which he conceded that Petitioner is entitled to compensation for her claim of GBS. Resp't's Rep., ECF No. 26. Specifically, Respondent stated that the medical evidence demonstrates Petitioner has "satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." *Id*. at 4. Accordingly, Respondent concluded that Petitioner is entitled to an award of damages limited to Petitioner's "GBS and its related sequelae only." *Id*.

In light of Respondent's concession, I issued a Ruling on Entitlement on March 1, 2019. ECF No. 27. I subsequently ordered the parties to inform the Court on their progress towards resolving damages. *See* Damages Order, ECF No. 29.

Respondent filed a proffer on April 30, 2019 (ECF No. 32), agreeing to issue the following payments:
   a. a lump sum payment of **$211,006.94**.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $211,006.94, in the form of a check payable to Petitioner, Rhonda Meade**.

The clerk of court is directed to enter judgment in accordance with this decision.[4]

Any questions regarding this Order may be directed to my law clerk, Ahmed Almudallal, by email at Ahmed_Almudallal@cfc.uscourts.gov.


**IT IS SO ORDERED.**


/s/ **Katherine E. Oler**
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RHONDA MEADE,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 17-1633V<br>Special Master Oler<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 30, 2017, Rhonda Meade ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. She then filed an Amended Petition setting forth a more detailed recitation of the facts on March 1, 2018. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on February 28, 2019. Based on Respondent's Rule 4(c) Report, on March 1, 2019, the Special Master found petitioner entitled to compensation.

### I.　**Items of Compensation**

#### 　　A.　**Pain and Suffering**

Respondent proffers that petitioner should be awarded $200,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

1

B.     **Past Unreimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $11,006.94.  Petitioner agrees.

II.    **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$211,006.94**, representing compensation for pain and suffering ($200,000.00) and past unreimbursable expenses ($11,006.94), in the form of a check payable to petitioner.[1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                                              /s Jennifer L. Reynaud
                                              JENNIFER L. REYNAUD
                                              Trial Attorney
                                              Torts Branch, Civil Division
                                              U.S. Department of Justice
                                              P.O. Box 146
                                              Benjamin Franklin Station
                                              Washington, D.C.  20044-0146
                                              (202) 305-1586

DATED: April 30, 2019